UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIC GRIFFIN, | ) | |
|     Petitioner, | ) | 2:11-cv-01665-KJD-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| ATTY GENERAL ERIC HOLDER, *et al.,* | ) | |
|     Respondents. | ) | |

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which petitioner, a federal pretrial detainee, is proceeding *pro se*. Petitioner commenced this action in the U.S. District Court for the District of Columbia. (ECF No. 1.) This case was transferred from the District of Columbia and received by this court on October 14, 2011. (ECF No. 8.) The petition is now before the court for initial review.

    The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915

F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Petitioner is currently awaiting trial on federal criminal charges before this court in case number 2:09-cr-00493-RLH-RJJ ("Criminal Case"). On September 14, 2010, the court ordered petitioner to be temporarily committed for four months under 18 U.S.C. § 4241(d). (Criminal Case, ECF No. 123.) In his § 2241 petition, petitioner challenges this detention by arguing that: his lawyer in his criminal case is aiding in his illegal detention by providing ineffective assistance and that his lawyer has refused to withdraw as counsel even though he has a conflict of interest.

"The purpose of habeas corpus is to test the legality of detention." *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982). Pre-trial petitions for habeas corpus "are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).[1] "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918).

Federal law permits civil commitment in accord with procedures both limited in duration and reasonably related to the purpose for which a defendant is confined. *See, e.g.,* 18 U.S.C. § 4241; *United States v. Strong*, 489 F.3d 1055, 1063 (9th Cir. 2007). The court may take judicial notice of court records. *See United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir.1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case). Accordingly, this court takes judicial notice of the proceedings in 2:09-cr-00493-RLH-RJJ. After reviewing the petition and the proceedings in 2:09-cr-00493-RLH-RJJ, the court concludes that it plainly appears that petitioner is not entitled to relief. The competency proceedings in petitioner's criminal case,

---

[1] Petitioner argues that his court lacks jurisdiction over his § 2241 petition and requests that the court transfer his petition back to the District Court for the District of Columbia. (ECF No. 10.) Petitioner's argument is without merit. A § 2241 petitioner may make his attack only in the district court where he or his custodian is located. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). Currently, petitioner is in custody within the State of Nevada. (Criminal Case, ECF No. 241.) Thus, this court has jurisdiction over his petition.

2

and his involuntary commitment under 18 U.S.C. § 4241, comply with the requirements of the statute. (*See* Criminal Case, ECF Nos. 123, 153.)  Therefore, the petition in this case fails to articulate any exceptional circumstances warranting relief under 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to challenge the jurisdiction of this court (ECF No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 3) and motion for summary judgment (ECF No. 12) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: January 12, 2012

_____
UNITED STATES DISTRICT JUDGE

3